UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL ENIME | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiff, | * | JUDGE: |
| | * | |
| VERSUS | * | MAG. JUDGE: |
| | * | |
| AMGUARD INSURANCE COMPANY | * | **JURY TRIAL** |
| | * | |
| Defendants. | * | |
| | * | |

## PETITION FOR REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, AmGuard Insurance Company (hereinafter, "Defendant"), who alleges and avers as follows:

1.

The above-entitled case was filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, where it is still pending, under Civil Docket Number 812-804 "Sec. K." The *Petition for Damages* was filed on or about **December 4, 2020**. *See*: **Exhibit A – Petition for Damages.** In the Petition, Plaintiff named AmGuard Insurance Co., as the only party-Defendant. *See*: **Exhibit A – Petition for Damages, ¶ 1.**

2.

This civil litigation arises from an alleged incident that occurred on the eastbound lanes of I-10 in Jefferson Parish, Louisiana, on or about June 1, 2019, involving Plaintiff, Daniel

Enime, and a third party, Shane Ruggles, who is not a party to the lawsuit. *See*: **Exhibit A – Petition for Damages, ¶¶ 3-5.**

3.

Plaintiff alleges that he sustained personal injuries as a result of this accident. More specifically, he claims that he "sustained injuries that required medical treatment". *See*: **Exhibit A – Petition for Damages, ¶ 7.** Plaintiff also claims that he is entitled to past, present, and future: (a) physical pain and suffering; (b) medical expenses; (c) mental and emotional pain and suffering; (d) lost wages; (e) loss of enjoyment of life; and, (f) other damages. *See*: **Exhibit A – Petition for Damages, ¶ 8.**

## AMOUNT IN CONTROVERSY

4.

La. C.C.Pr. art. 893 specifically prohibits the pleading of the amount of monetary damages sought. In his *Petition for Damages,* Plaintiff did not set forth the specific amount of damages sought therein. He also failed to specify if the amount in controversy is above the amount necessary for federal jurisdiction.

5.

However, in his Petition for Damages, Plaintiff alleges that he sustained personal injuries as a result of this accident. However, Plaintiff did not include a statement regarding the amount in controversy for federal jurisdiction purposes. More specifically, Plaintiff alleges that he sustained personal injuries as a result of this accident. He claims that he "sustained injuries that required medical treatment". *See*: **Exhibit A – Petition for Damages, ¶ 7.** Plaintiff also claims that he is entitled to past, present, and future: (a) physical pain and suffering; (b) medical

expenses; (c) mental and emotional pain and suffering; (d) lost wages; (e) loss of enjoyment of life; and, (f) other damages.  *See*:  **Exhibit A – Petition for Damages, ¶ 8.**

6.

After the filing of his Petition for Damages, **on March 2 and March 4, 2021**, Plaintiff provided Defendant with a copy of medical records.  *See*: **Exhibit B – Medical Records.**

7.

According to the medical records, Plaintiff has herniations and he underwent an injection. He underwent treatment from June 12, 2019 through March 17, 2020.  At Capitol Spine & Rehabilitation, Inc., he complained of low back pain, difficulty sleeping and lower back stiffness. On March 17, his treating physician found that "due to the present of [his] spinal pathology, the probability of the victim's previously injured areas due to the auto accident of having pain to return or being re-injured is significantly higher."  According to the MRI report, Plaintiff has disc bulges, early facet arthropathy, and two herniations (L4-5 and L5-S1).  Furthermore, he claims that he sustained an 8% permanent impairment of whole person.  Plaintiff underwent lumbar facet guided injections at the L4-5 and L5-S1 levels on January 21, 2020.  Plaintiff was a candidate for repeat injection if needed, but it does not appear that he has returned.  He was also told he would need future chiropractic treatment.  *See*: **Exhibit B – Medical Records.**

8.

Plaintiff claims that he already incurred $23,414.00 in past medical expenses. *See*: **Exhibit B – Medical Records.**  Plaintiff received $15,000.00 from GEICO Insurance.  *See*: **Exhibit C – GEICO Records.**

| | |
|---|---|
| Imaging Center of Louisiana | $ 1,150.00 |
| Capitol Spine & Rehabilitation, Inc. | $ 6,810.00 |
| Orthopedic Surgery Center   - Div. Prof. | $    920.00 |
| Orthopedic Surgery Center   - Bone & Joint | $ 4,440.00 |

| | |
|---|---|
| Orthopedic Surgery Center | $ 7,552.00 |
| Bone and Joint Clinic of Baton Rouge | $    107.00 |
| | $    107.00 |
| | $    107.00 |
| | $    107.00 |
| | $    165.00 |
| | $    449.00 |
| Future Chiropractic Treatment | $ 1,500.00 |
| Total | $23,414.00 |

When considering the payment from GEICO, at least $8,414.00 of the past and future medical expenses have not been paid.

9.

No discovery has been performed at this time.

10.

In Louisiana, the amount in controversy for general damages in a case involving herniations and injections exceeds the amount in controversy for federal jurisdiction. *Franklin v. Allstate Prop. & Cas. Inc. Co.,* 658,961 (19th JDC 10/02/18) ($60,000 in general damages to plaintiff for pain and suffering related to lumbar disc herniation at L4-5 for which the plaintiff received one epidural steroid injection); *Giovengo v. State Farm Mut. Auto. Ins. Co.,* 2016-2973 (Civil District Court 03/13/17) ($85,000 in general damages to plaintiff for single, unoperated disc herniation and treatment that included one ESI); *Conforto v. Toscano,* 711-301 (24th JDC 03/30/16) ($91,750 in general damages for single disc herniation with recommended ESI treatments over five year period); *Aguillard v. Meiners,* 857 So. 2d 1034 (La. App. 5th Cir. 2003) (trial court awarded plaintiff $125,000 for general damages for injuries resulting from car wreck where plaintiff was diagnosed with two non-operated herniated discs that were made symptomatic by the accident); *Anderson v. Tenneco Oil Co.,* 826 So.2d 1143 (La. App. 4th Cir. 5/22/02) (trial court awarded plaintiff $100,000 in general damages for non-operated protrusions

4

in cervical spine); *Hoyt v. Gray*, 2000-2517, (La. App. 4 Cir. 1/31/02); 809 So. 2d 1076; *Pannell v. Encompass Ins. Co., 956 So.2d 152 (La. App. 3rd Cir. 5/2/07) ($90,000); Campbell v. Webster Parish Police Jury, 828 So.2d 170 (La. App. 2nd Cir. 8/18/02) ($75,000)*; *Keller, et al v. City of Plaquemine*, et al, 700 So. 2d 1285 (La. App. 1 Cir. 4/30/97); *Ruffin v. Burton*, 2008-0893 (La. 4 Cir. 5/27/09) 34 So. 3d 301. When considering the general damages and the medical expenses incurred to date by Plaintiff, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**TIME OF REMOVAL**

11.

Plaintiff filed the *Petition for Damages* on or about **December 4, 2020** in the 24th Judicial District Court for Jefferson Parish. *See*: **Exhibit A – Petition for Damages.**

12.

Therefore, one (1) year *has <u>not</u> yet elapsed* since the filing of the *Petition for Damages*. Therefore, removal is appropriate.

13.

The Petition for Damages did not contain the amount in controversy.

14.

Plaintiff provided Defendant with medical records on **March 2 and March 4, 2021**.

15.

Therefore, thirty (30) days *have <u>not</u> yet elapsed* since the *receipt of another paper, the medical records,* **on March 2 and March 4, 2021**. Therefore, removal is appropriate.

**DIVERSITY OF CITIZENSHIP**

16.

Plaintiff is domiciled and is a resident/citizen of the State of Louisiana. *See*: **Exhibit A – Introductory Paragraph.**

17.

Defendant, AmGuard Insurance Company, is a foreign insurance company and a citizen of Pennsylvania. It was organized and has its principal place of business in Pennsylvania. It is not a citizen of the state of Louisiana. *See*: **Exhibit A – Petition for Damages, ¶ 1; see Exhibit D – Louisiana Department of Insurance.**

18.

Therefore, Defendant avers that this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to Article III of the United States Constitution and 28 U.S.C. §1332, in that Plaintiff is diverse from the properly named and served Defendant with the *Petition for Damages*.

19.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, by filing of this Notice and the Notice of Removal into the record of the state court action, and to Plaintiff through his attorney(s) of record.

**<u>JURY DEMAND</u>**

20.

Defendant is entitled to and requests a trial by jury on all issues herein.

WHEREFORE, Defendant, AmGuard Insurance Company, prays that the suit entitled, "*Daniel Enime vs. AmGuard Insurance Company*" presently pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, and bearing Docket Number 812-804 Sec. K be removed to this, the United States District Court, Eastern District of Louisiana, and for trial by Jury and all just and equitable relief as allowed by law.

    Respectfully submitted,

*s/ Jean E. Lavidalie, Jr.*
GUY D. PERRIER, #20323, T.A.
JEAN E. LAVIDALIE, JR., #27547
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825
Email:  gperrier@perrierlacoste.com
**Direct Dial:  (504) 212-8822**
Email:  jlavidalie@perrierlacoste.com
**Direct Dial:  (504) 212-8823**
**Cell Phone:  (504) 881-3857**
**ATTORNEYS FOR DEFENDANT**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIEL ENIME | * | CIVIL ACTION NO.: |
| Plaintiff, | * | JUDGE: |
| VERSUS | * | MAG. JUDGE: |
| AMGUARD INSURANCE COMPANY | * | **JURY TRIAL** |
| Defendant. | * | |

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading is being forwarded to:

>Clerk of Court, 24th JDC
>Thomas F. Donelon Courthouse,
>200 Derbigny St. Ste. 2400,
>Gretna LA 70053
>
>Daniel Enime
>Through his attorney of record,
>Dathan Lerone Hill
>637 Saint Ferdinand St
>Baton Rouge LA, 70802

by depositing a copy of same in the United States Mail, postage pre-paid and properly addressed.

New Orleans, Louisiana, this 26th day of March, 2021.

*s/ Jean E. Lavidalie, Jr.*
_____
**JEAN E. LAVIDALIE, JR.**